```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
                    HOUSTON DIVISION
```

MABLE CALEB, JACKIE ANDERSON,   §
DIANN BANKS, HERBERT LENTON,    §
and PATRICK COCKERHAM,          §
                                §
         Plaintiffs,            §
                                §
v.                              §    CIVIL ACTION NO. H-12-0675
                                §
DR. TERRY GRIER, ELIZABETH MATA §
KROGER, DAVID FRIZELL, ESTEBAN  §
MAJLAT, and HOUSTON INDEPENDENT §
SCHOOL DISTRICT,                §
                                §
         Defendants.            §

## ORDER

Pending is Defendants Terry Grier, Houston Independent School District ("HISD"), Elizabeth Mata Kroger, David Frizell, and Esteban Majlat's Joint Motion for Certification and Entry of Final Judgment Pursuant to Rule 54(b) (Document No. 109).[1] The Motion is based on this Court's June 14, 2013 Order dismissing with prejudice all claims made by Plaintiffs Mable Caleb, Jackie Anderson, Diann Banks, Herbert Lenton, and Patrick Cockerham against Defendants David Frizell, Esteban Majlat, and Elizabeth Mata Kroger; dismissing with prejudice all claims made by Plaintiffs Anderson, Banks, Lenton, and Cockerham against Defendants Terry Grier and HISD; and dismissing with prejudice all claims of Plaintiff Caleb

---

[1] Defendants' Advisory Regarding Federal and State Court Discovery and Request for Consideration by Court of All Defendants' Previous Motion for Entry of Final Judgment (Document No. 112) is DENIED as moot in light of this Order.

against Defendants Grier and HISD except for her First Amendment retaliation and liberty interest due process claims.[2] Plaintiffs have filed no response to this motion, which is therefore deemed unopposed pursuant to Local Rule 7.4. After carefully considering the motion and applicable law, the Court concludes as follows.

Rule 54(b) provides:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). A district court deciding whether to certify a judgment under Rule 54(b) must determine (1) whether it is dealing with a "final judgment," and (2) whether there is any just reason for delay. <u>Curtiss-Wright Corp. v. General Elec. Co.</u>, 100 S.Ct. 1460, 1464-65 (1980). The judgment is final if it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." <u>Id.</u> at 1464 (quoting <u>Sears, Roebuck & Co. v. Mackey</u>, 76 S.Ct. 895, 900 (1956)). "[I]n deciding whether there are no just reasons to delay the appeal of individual final judgments . . . , a district court must take into account judicial administrative interests as well as the equities involved. Consideration of the former is necessary to assure that application

---

[2] Document No. 98.

of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'" Id. at 1465 (quoting Sears, 76 S.Ct. at 901). Rule 54(b) motions are disfavored and should be granted only "when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." PYCA Indus., Inc. v. Harrison Cnty. Waste Mgmt., 81 F.3d 1412, 1421 (5th Cir. 1996).

In the present case, the Court's dismissal with prejudice of all claims made by all Plaintiffs against Defendants Frizell, Kroger, and Majlat, and dismissal with prejudice of all claims made by Plaintiffs Anderson, Banks, Lenton, and Cockerham against Defendants HISD and Grier were "ultimate dispositions" of those claims.[3] The only remaining claims are those of Plaintiff Caleb against Grier and HISD. Under these circumstances, it would be an unnecessary waste of resources to require the other seven parties to continue monitoring Caleb's case against HISD and Grier, or to delay the four dismissed Plaintiffs from perfecting an appeal if they wish to do so. The Court finds that there is no just reason for delay in directing the entry of final judgment dismissing with prejudice all claims made by Plaintiffs Anderson, Banks, Lenton, and Cockerham against all Defendants, and dismissing with prejudice all claims made by Plaintiff Caleb against Defendants Frizell, Kroger, and Majlat.

---

[3] Document No. 98.

Grier's and HISD's motion to direct entry of Final Judgment in their favor as to those of Caleb's claims against HISD and Grier that were dismissed with prejudice is not meritorious. To do so would unnecessarily incur a risk of piecemeal appeals, the concomitant waste of judicial resources at both the trial and appellate level, and possible delay in the trial of Caleb's remaining claims while awaiting the results of an appeal on her dismissed claims, all of which weigh against certification. Defendants argue that certification is warranted to allow Grier to pursue a res judicata defense in a separate state lawsuit between the parties, but the Court has no information as to the contours of that litigation.[4] Regardless, because Rule 54(b) motions are generally disfavored, and Caleb's remaining claims against Grier and HISD in this case at least tangentially relate to and look back upon much of the same set of facts as the dismissed claims, there is good reason not to enter a final judgment dismissing some of Caleb's claims against Grier and HISD while leaving others still to be tried.

For the foregoing reasons, it is

ORDERED that Defendants' Joint Motion for Certification and Entry of Final Judgment (Docket No. 109) pursuant to Rule 54(b) is GRANTED as to all dismissed claims made by Plaintiffs Jackie

---

[4] Defendants' Motion refers to Exhibits A and B, supposedly pleadings in the State lawsuit, but no exhibits were filed with the motion. See Document No. 109 at 7.

Anderson, Diann Banks, Herbert Lenton and Patrick Cockerham, against all Defendants; and is GRANTED as to all of Plaintiff Mable Caleb's dismissed claims against Defendants Elizabeth Mata Kroger, David Frizell and Esteban Majlat; and DENIED as to Plaintiff Mable Caleb's dismissed claims against Defendants Terry Grier and HISD.

After entry of the Final Judgment separately signed this day in accordance with the foregoing rulings, all future filings in the remaining case of Mable Caleb against Defendants Grier and HISD, shall add to the cause number an "A," so as to read, "Civil Action No. H-12-0675-A," and shall be entitled, "Mable Caleb, Plaintiff, v. Dr. Terry Grier and Houston Independent School District, Defendants."

The Clerk will enter this Order and provide a correct copy to all parties.

SIGNED at Houston, Texas, on this 14TH day of October, 2013.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE